# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| JUAN FLORES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| VIM TECHNOLOGIES, INC. | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

Plaintiff, JUAN FLORES brings this action against the above captioned Defendant, VIM Technologies, Inc., for violation of the Americans With Disabilities Act (hereinafter "ADA") and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. § 794 (the "Rehabilitation Act"). Further, this Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) and 217, as this action involves a federal question under the Americans With Disabilities Act and the Rehabilitation Act.

2. This Court has original and personal jurisdiction over this action because the Defendant is a corporate entity located in the State of Maryland but the Plaintiff was employed in the State of Illinois and the actions complained of occurred in Illinois.

3. Venue is appropriate in the Western Division of the Northern District of Illinois pursuant to 28 U.S.C. 1391(b) because the acts complained of by the Plaintiff occurred in Woodstock, Illinois.

## THE PARTIES

4. At all times relevant to this action, the Plaintiff Juan Flores resided in Woodstock, Illinois.

5. Plaintiff, was employed by Defendant starting on July 5, 2015 and was terminated on February 19, 2016.

6. At the time of the termination of his employment, the Defendant was employed by the Plaintiff as a Project Manager.

7. The Defendant, VIM Technologies, Inc., is a corporate entity organized and existing under the laws of the State of Maryland, with its principal place of business located at Glen Bernie, Maryland. However, the Defendant employed the Plaintiff in Illinois and the actions forming the basis of the Plaintiff's complaint occurred in Illinois.

8. The Defendant qualifies for and is subject to coverage under the ADA for all the relevant time periods contained in this Complaint as it is an employer with more than 15 employees and is therefore subject to the ADA.

9. The Complainant, Juan Flores, began his employment with VIM Technologies, Inc. on July 7, 2015. The Complainant was employed as a Project Manager with the company, overseeing several projects at a time and managing all aspects of each project on behalf of the company.

During the course of the Complainant's employment, he received favorable reviews and was able to perform all aspects of his employment.

10. Prior to his employment, the Complainant suffered from major depression and anxiety, which substantially limited his ability to sleep and concentrate. The Complainant suffered from this disability for a significant period of time and his condition was exacerbated by the passing of his father. In mid-April of 2015, the Complainant was also diagnosed with type II diabetes.

11. In April of 2015, the Complainant was prescribed Lexapro by his treating physician, to help the Complainant with his chronic insomnia. As well, in June of 2015, the Complainant was also prescribed Xanax to assist the Complainant in managing his anxiety and to assist with his chronic insomnia.

12. At several points during his employment, the Complainant informed his employer of his disability. Despite this, the Complainant was always able to perform the essential functions of his employment and continued to receive favorable job performance evaluations, and his employer raised no objections.

13. At the time of his father's passing, the Complainant's condition worsened and he requested accommodations from his employer in regards to his employment and work load. He was allowed to take some time off by his employer. Upon his return to work, the Complainant continued his duties, and was again able to perform those duties satisfactorily.

14. However, upon his return to work, the Defendant began to complain to the Plaintiff regarding his work output. The Plaintiff explained how his condition affected his work output and asked the Defendant for further accommodations, such as a reduced work load and/or additional time to complete projects, to allow him to perform the essential functions of his job.

15. However, rather than providing the Plaintiff with reasonable accommodations, the Defendant decided to terminate the Plaintiff, due to his disability. On February 19, 2016, the Complainant was terminated from his employment.

## COUNT I - DISABILITY DISCRIMINATION, IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT of 1990, 42 U.S.C.A. § 12101 et. seq.

16. Plaintiff hereby repeats and realleges each allegation contained in the paragraphs above.

17. That the ADA requires the Defendant to provide reasonable accommodations to Plaintiff in order to allow the Plaintiff to complete the essential functions of his job.

18. Plaintiff's employment was terminated, in substantial part, due to his physical disability, defendant's perception that plaintiff was disabled, and plaintiff's record of disability.

19. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

20. As a proximate result of Defendants' discrimination against Plaintiff on the basis of his disability and a record or perception of disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

21. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer impairment and damage to Plaintiffs good name and reputation by Defendants.

22. As a further proximate result of defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

23. The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiffs protected civil rights, entitling plaintiff to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

a. An award of plaintiff's actual damages for loss of wages, benefits, and promotional opportunities, including an award of back pay for all lost salary, and front pay compensating plaintiff for loss of future salary and benefits;

b. An award of damages to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

c. An award of punitive damages;

d. An order enjoining defendants from engaging in the wrongful practices alleged herein and to provide plaintiff with a reasonable accommodation;

e. An award of reasonable attorneys' fees and the costs of this action; and

f. Such other and further relief as this Court may deem just and proper.

## Jury Demand

Plaintiff requests trial by jury in this action.

Respectfully Submitted,

The Law Office of John W. Gaffney
67 North Ayer Street, Suite 101
Harvard, Illinois 60033
(815) 943-0900
FAX—(815) 943-7916

## VERIFICATION

I, Juan Flores, having been duly sworn and upon oath, state that I have read the contents of this petition and that the facts asserted therein are true and correct, to the best of my knowledge and belief.

Subscribed and Sworn to Before Me This 8th Day of December, 2016.

Notary Public

OFFICIAL SEAL
LAURA J WILCOX
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/27/20